# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL..

IN THE MATTER OF THE ASSIGNMENT OF FELT & BELL FOR
THE BENEFIT OF CREDITORS—ACCOUNTING OF GEORGE H.
DORR, ASSIGNEE.

*Accounting by a general assignee — when he will be charged with the costs of an action unnecessarily defended by him — the fact that the judgment did not make them payable by him personally, does not prevent the court from deducting them from his commissions and expenses — a charge for the use of his own horse in the business of the estate disallowed — when an assignee, carrying on the business and discounting notes for cash, will be charged with the difference between the notes and the cash.*

APPEAL by George H. Dorr, the assignee for the benefit of creditors of Felt & Bell, from a decree made by the county judge of St. Lawrence County, settling his accounts as such assignee, entered in the St. Lawrence county clerk's office, November 21, 1883

The court at General Term said : " This is an appeal from an accounting, before the county judge, of George H. Dorr, assignee. for the benefit of creditors. Several objections are taken by the assignee, appellant. At the time of the assignment two actions were pending against the assignors. The assignee caused himself to be made a party, and, finally, judgment went against the defendants, including the assignee, for the amount demanded, with costs. These costs were not by those judgments made payable by the assignee personally. (Code of Civ. Pro., § 3246.) The county judge held that, though, as between the plaintiffs in those actions and the assigned estate, the costs were payable from the estate, yet that on this accounting the assignee should be charged with the same, to be deducted from the amount allowed for commissions and expenses. The reason for this was that the defense was unnecessary, and that the assignee had been guilty of great negligence therein. The

appellant insists that the judgments were conclusive in favor of the assignee; that as he was not personally charged in the judgments he cannot be charged in his accounting. He relies on *Hone* v. *De Peyster* (106 N. Y., 648). But in that case the defendants, who had recovered a judgment against a plaintiff, as executor, for costs, made a motion to compel the plaintiff to pay personally; the court held that the judgment was conclusive. The language of the court in that case must be understood as applicable to the facts. The question arose simply between the parties to the judgment. Between them the judgment was conclusive; and as the judgment had not made the plaintiff personally liable, he could not be made so on defendant's motion.

"But that principle decided nothing in regard to this assignee's liability to those for whom he is trustee. They were not parties to the judgment against him, and are not bound by its terms. A single consideration will show this. It was the assignee's interest to have the judgment rendered against the estate; and, if the estate was solvent, the plaintiffs would not desire a judgment against him personally. So that there would be no one to urge that he had been guilty of negligence. But now the persons interested in the estate are heard for the first time. They have a right to charge that the assignee was guilty of misconduct. No error was made by the county judge in this respect.

"We think the county judge was right in disallowing the assignee's charges for the use of his own horse in the business of the estate. The general rule as to trustees dealing with themselves is familiar. It should be adhered to as a most valuable protection to *cestuis que trust*. We see nothing in the authorities cited by the appellant which sustains this charge of the appellant. * * *

"There are several small amounts which the county judge charged against the assignee. It appears that the assignee continued the business in which the assignors had been engaged. He manufactured articles and made sales. In many instances notes were taken and were then sold by the assignee at less than their face, and he charged himself only with the amount received. The county judge has surcharged him with the difference between the note and the cash for which it was sold. In these instances the county judge states that the discount was not justified.

" If an assignee carries on business, there may be a necessity for discounting notes for cash. The county judge justifies the assignee, under the circumstances, in proceeding with the manufacture, and no question on that point is before us. Whether, in each instance, it was necessary and proper to discount the notes for less than their face would seem to be a matter of sound judgment under the cir_ cumstances; and we understand the county judge to find that the circumstances did not justify these discounts. We have examined the evidence in regard to these surcharges, but we think it not necessary to state it. It presents another question of fact, or rather several questions of fact, viz., whether the assignee was justified in thus disposing of these several notes. We cannot say the findings were incorrect."

*Wayland F. Ford*, for George H. Dorr, assignee, appellant.

*H. E. Morse* and *E. C. Emerson*, for contesting creditors, respondents.

Opinion by LEARNED, P. J. ; LANDON and INGALLS, JJ., concurred.

Order affirmed, with costs.